UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT DOUGLAS PETERSON,<br><br>      Petitioner,<br><br> v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>      Respondents. | Case No. 3:24-cv-00274-ART-CSD<br><br>ORDER |

This habeas corpus action was initiated *pro se* by Robert Douglas Peterson, who is incarcerated at Nevada's Lovelock Correctional Center. (*See* ECF No. 4 (*pro se* habeas petition).) Peterson is serving an aggregate term of life in prison, with the possibility of parole after 24 years, on convictions in Nevada's Eleventh Judicial District Court, in Mineral County, of one count of luring a child and four counts of use of a minor in producing pornography. (ECF No. 4 at 2.) The convictions followed his pleas of guilty to those crimes. (*Id.*)

The Court appointed counsel for Peterson (ECF No. 3), and entered a scheduling order (ECF No. 9), which granted Peterson an opportunity to file an amended habeas petition with the benefit of counsel. Peterson's amended petition was due on February 11, 2025. (ECF No. 11.)

On January 10, 2025, Peterson filed a motion, styled as a motion for leave to conduct discovery, requesting leave of court to serve on the Mineral County District Attorney's Office a subpoena to obtain materials the prosecution disclosed, or made available, in pretrial proceedings. (ECF No. 13.) According to Peterson's motion, his counsel has attempted to obtain such material from his former attorneys but has been unable to do so, as they apparently have not preserved all such material in their files. (ECF No. 13 at 3–4.) Respondents filed

an opposition to the motion (ECF No. 15), and Peterson filed a reply (ECF No. 17).

Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure ...." In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Supreme Court held that Rule 6 is to be applied consistently with its prior opinion in *Harris v. Nelson*, 394 U.S. 286 (1969), which expressly called for the adoption of the rule. 520 U.S. at 904, 909. In *Harris*, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300. In *Bracy*, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias in his particular case was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory. 520 U.S. at 908–09. The Ninth Circuit Court of Appeals has held—consistent with *Bracy* and *Harris*—that discovery is available to habeas petitioners, at the discretion of the district court judge, in cases where the discovery sought might provide support for a claim. *See, e.g.*, *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997); *see also Osborne v. District Attorney's Office*, 521 F.3d 1118, 1133 (9th Cir. 2008), rev'd on other grounds, *District Attorney's Office v. Osborne*, 557 U.S. 52 (2009) (in discussing *Jones*, the court reinforced the point that a court should allow discovery that only "may establish" a factual basis for the petitioner's claim).

1         In his motion, Peterson explains that two of the claims in his *pro se* petition assert that the prosecution overcharged him, by basing the charges on the number of portrayals of minors produced or possessed, rather than on the number of incidents involved. (ECF No. 13 at 4–6; *see also* ECF No. 4 at 28–36.) Peterson goes on to claim that his trial counsel was ineffective, in violation of his federal constitutional rights, for not researching the law and advising him that he was overcharged before he accepted a plea offer and pled guilty to five crimes. (*Id.*) Peterson states that he needs to obtain the materials disclosed to the defense before he pled guilty to substantiate his claim that he was overcharged and to show that his trial counsel was ineffective for not doing the necessary legal research and recognizing as much, and for not advising him accordingly before he pled guilty. (*Id.*)

        Similar to part of the discovery sought in *Jones*, Peterson seeks this "discovery" in order to recreate his own files. *See Jones*, 114 F.3d at 1009. In *Jones*, the court held that the district court erred in denying the petitioner's request to obtain materials from his trial lawyer, his pretrial investigator, and the prosecutor in his case to reconstruct his files. *Id.* Peterson likewise seeks materials that he had or that were available to him before he entered the plea agreement, but that he does not now have because his former attorneys apparently did not preserve his files. As Peterson makes clear, he does not seek to develop new evidence.

        Citing *Shoop v. Twyford*, 596 U.S. 811 (2022), and *Kemp v. Ryan*, 638 F.3d 1245 (9th Cir. 2011), Respondents argue that Peterson's motion should be denied, because under 28 U.S.C. § 2254(e)(2) and *Shinn v. Ramirez*, 596 U.S. 366 (2022), any evidence obtained would not be admissible to support his claims. (ECF No. 15 at 2–4.) However, neither *Shoop* nor *Kemp* involved a petitioner's attempt to reconstruct his own files; both involved a petitioner seeking to develop new evidence. The Court determines that *Shoop* and *Kemp* do not preclude this

discovery. The Court exercises its discretion to grant Peterson's motion, in the interests of justice, to allow Peterson a fair opportunity to recreate his files—which apparently were not preserved by his former counsel—so that he might be able to substantiate habeas claims and assert those claims in a counseled amended petition.

The Court will grant Peterson's motion and will grant him leave of court to serve upon the Mineral County District Attorney's Office a subpoena to obtain a complete copy of the discovery that office disclosed to his trial counsel and/or the documents made available to his trial counsel before he entered his guilty pleas.

The Court does not here reach the question whether any material obtained by Peterson in response to the subpoena will ultimately be admissible under 28 U.S.C. § 2254(e)(2) to support his claims. Moreover, the Court does not here make any comment regarding the viability or merit of any of Peterson's claims. These issues will be addressed in due course, after Peterson has an opportunity to attempt to reconstruct his files and an opportunity to file an amended petition with the benefit of counsel.

It is therefore ordered that Petitioner's "Motion for Discovery" (ECF No. 13) is granted. Petitioner is granted leave of court to serve upon the Mineral County District Attorney's Office a subpoena as described above.

It is further ordered that Petitioner must serve the subpoena upon the Mineral County District Attorney's Office within 14 days from the date of entry of this order.

It is further ordered that Petitioner must file a notice informing the Court of the Mineral County District Attorney's Office's response to the subpoena within 7 days after receiving such response.

It is further ordered that Petitioner's Unopposed Motion for Extension of Time to File Reply in Support of Motion for Discovery (ECF No. 16) is granted,

*nunc pro tunc.* Petitioner's reply in support of his motion is considered timely filed and has been taken into consideration in addressing his motion.

It is further ordered that Petitioner's Unopposed Motion for Extension of Time to File Amended Petition (ECF No. 18) is granted. The Court will set a new deadline for the filing of Petitioner's amended petition when appropriate after Petitioner receives the Mineral County District Attorney's Office's response to his subpoena.

DATED THIS 27th day of February, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE