UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT DOUGLAS PETERSON,<br><br>                Petitioner,<br><br>    v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>                Respondents. | Case No. 3:24-cv-00274-ART-CSD<br><br>ORDER |

      In this habeas corpus action, on February 27, 2025, the Court granted Petitioner Robert Douglas Peterson, who is represented by appointed counsel, leave of court to conduct certain discovery. (ECF No. 19.) Specifically, the Court granted Peterson "leave of court to serve upon the Mineral County District Attorney's Office a subpoena to obtain a complete copy of the discovery that office disclosed to his trial counsel and/or the documents made available to his trial counsel before he entered his guilty pleas." (*Id.* at 4–5.) The Court ordered that Peterson was to serve the subpoena upon the Mineral County District Attorney's Office within 14 days from the date of entry of the order. (*Id.* at 5.) And the Court ordered that Peterson was to file a notice informing the Court of the Mineral County District Attorney's Office's response to the subpoena within 7 days after receiving such response. (*Id.*)

      On April 14, 2025, Peterson filed a notice (ECF No. 20) stating:

> Peterson served a subpoena on the Mineral County District Attorney's Office on March 13, 2025. On April 7, 2025, the Mineral County District Attorney T. Jaren Stanton responded to the subpoena. Stanton informed undersigned counsel that his office had mailed a flash drive containing a copy of the discovery disclosed to or made available to trial counsel in *State v. Peterson*, Case No. CR-2660. As of the filing of this notice, undersigned counsel has not yet received the flash drive in the mail. Stanton also stated that the District Attorney's Office is aware of media files that are responsive to the subpoena but are not currently in the possession of that office. Stanton said that his office is working with law enforcement

1

agencies to locate and produce those files. He anticipated it would take until May 14, 2025, to produce those files.

(ECF No. 20 at 2.)

Since that April 14 filing, Peterson has provided no further information about the status of the discovery. The Court will require Peterson to file a notice providing an update regarding this matter.

It is therefore ordered that Petitioner must, within 7 days of the entry of this order, file a notice informing the Court of the status of the discovery.

DATED THIS 5th day of August, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2