UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT DOUGLAS PETERSON,

Petitioner,

v.

NETHANJAH BREITENBACH, *et al.*,

Respondents.

Case No. 3:24-cv-00274-ART-CSD

ORDER COMPELLING COMPLIANCE
WITH SUBPOENA

In this habeas corpus action, Petitioner Robert Douglas Peterson, who is represented by appointed counsel, moves for an order to show cause directing the Mineral County District Attorney ("DA") to provide a written explanation as to why he should not be held in contempt for failure to comply with a subpoena, or, in the alternative, an order compelling the DA to comply with the subpoena. (ECF No. 26 ("Motion").) It appears that Peterson served the Motion on the respondents, but not on the DA. The respondents did not respond to the Motion. For the reasons discussed below, the Court issues this order compelling compliance with the subpoena.

On February 27, 2025, the Court granted Peterson leave of court to conduct certain discovery. (ECF No. 19.) Specifically, the Court granted Peterson "leave of court to serve upon the Mineral County District Attorney's Office a subpoena to obtain a complete copy of the discovery that office disclosed to his trial counsel and/or the documents made available to his trial counsel before he entered his guilty pleas." (*Id.* at 4–5.) Peterson makes a showing in his Motion that he served the authorized subpoena on the DA, and the DA has failed to comply with the subpoena as required by Federal Rule of Civil Procedure 45. More than ten months ago, Peterson served the subpoena on the DA. (Exhs. 1 and 2 to Motion, ECF Nos. 27-1, 27-2.) The DA produced certain material and

indicated that there is additional responsive material; however, despite Peterson's diligent efforts, the DA has not produced the additional material and has not otherwise complied with Rule 45. (Exhs. 3, 4, 5 to Motion, ECF Nos. 27-3, 27-4, 27-5.)

Under Federal Rule of Civil Procedure 45, a nonparty served with a subpoena has three options: (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Rule 45(d)(2)(B), or (3) move to quash or modify the subpoena in accordance with Rule 45(d)(3). *See In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014). A district court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Under the circumstances in this case, the Court will issue an order compelling the DA's compliance with the subpoena, and set a time limit for compliance, before considering whether to proceed with contempt proceedings. This order is without prejudice to Peterson filing a subsequent motion for order to show cause why the DA should not be held in contempt. Should the DA fail to comply with this order, Peterson may move for an order holding the DA in contempt and imposing sanctions.

It is therefore ordered that Petitioner's Application for an Order to Show Cause (ECF No. 26) is granted in part and denied in part.

It is further ordered that Petitioner must, within 7 days from the date of entry of this order, serve the Mineral County District Attorney ("DA") with a copy of this order in the manner prescribed by Federal Rule of Civil Procedure 45(b), or in another manner agreed upon by the DA. Petitioner must file a proof of service showing such service.

It is further ordered that, within 45 days, from the date of service of this order on the DA, the DA must produce to Petitioner the remaining material responsive to Petitioner's subpoena or take other action in accordance with

Federal Rule of Civil Procedure 45 with respect to that material. This order does not extend any time limit imposed by Federal Rule of Civil Procedure 45.

It is further ordered that, within 60 days from the date of entry of this order, Petitioner must file a notice describing the status of the DA's compliance with this order or an appropriate further motion.

DATED THIS 26th day of January 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE